IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT J. WEST,

    Plaintiff,

v.                                       Civil Action No. 5:04CV132
                                                  (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Robert West ("West"), filed an action on November 23, 2004, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to plaintiff's complaint on February 7, 2005, and the plaintiff filed a motion for summary judgment on March 14, 2005. The defendant filed a motion for summary judgment on April 12, 2005.

Magistrate Judge Kaull considered the plaintiff's motion for summary judgment, the defendant's motion for summary judgment, and then submitted a report and recommendation. In his report, the magistrate judge made the following findings: (1) that Fourth Circuit law was applicable despite the fact that the plaintiff

resided in Ohio at the time of the decision of the Administrative Law Judge ("ALJ"), (2) that the ALJ erred in failing to properly establish whether West's impairments could cause the symptoms of which he complained, (3) that the ALJ erred in evaluating the intensity and persistence of the plaintiff's pain and (4) that the ALJ's finding relative to the plaintiff's credibility is not supported by substantial evidence. Accordingly, the magistrate judge recommended that the defendant's motion for summary judgment be denied and that the plaintiff's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Kaull informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal.

2

1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On April 12, 2001, the plaintiff filed an application for Disability Insurance Benefits ("DIB"). The plaintiff then appeared before an ALJ on August 7, 2002, and was found to be not disabled in an opinion entered on October 20, 2002. The Appeals Council denied the plaintiff's request for review and this action was filed.

## III. Applicable Law

### A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the

4

law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

As a preliminary matter, this Court agrees that this action is appropriately guided by Fourth Circuit law. See Towenson v. Apfel, 16 F. Supp. 2d 1329 (D. Kan. 1998). Accordingly, this Court proceeds to the two-step analysis for pain which (1) requires the ALJ to consider whether the plaintiff has shown a medically determinable impairment that could reasonably cause the pain allegedly suffered by the plaintiff, and if so, (2) requires the ALJ next to consider the extent to which the pain affects the plaintiff's ability to work. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996).

In the report and recommendation, the magistrate judge finds that the ALJ expressly found that the plaintiff had severe hypertension, heart impairments, and obesity, but did not

5

specifically state that the objective medical evidence established an impairment that could reasonably be expected to produce the pain alleged. See Report and Recommendation at 20. As the magistrate judge notes, Craig requires the ALJ to "expressly consider the threshold question of whether [the plaintiff has] demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain [the plaintiff] alleges." Craig at 594. Accordingly, the magistrate judge recommends remand for the ALJ to consider the threshold question of the Craig test. Upon review of the ALJ's opinion, this Court finds the magistrate judge's findings and recommendation with regard to the first step of the Craig analysis to be without clear error.

Moving to the second prong of Craig, the magistrate judge found the ALJ erred by not reviewing, considering or evaluating the plaintiff's testimony about the side effects of his medication before finding his testimony to be not credible. Specifically, the ALJ found in pertinent part:

> Even though the ALJ sufficiently reviewed, considered, and evaluated the objective medical evidence, medical signs and laboratory findings, medical treatments prescribed to and taken by Plaintiff, and portions of Plaintiff's statements about his pain and symptoms, she failed to make a determination of whether Plaintiff's relative to sleep and urination was supported by that objective medical evidence, the medical signs and laboratory findings, evidence of record as to medications and treatments, or inconsistent with Plaintiff's statements.

(Report and Recommendation at 30.) After reviewing the ALJ's opinion, this Court finds the magistrate judge's above analysis to be without clear error.

V.  Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the magistrate judge's recommendations are not clearly erroneous, this Court ACCEPTS and ADOPTS the magistrate judge's report and recommendation.  For the reasons stated above, it is ORDERED that the summary judgment motion of the plaintiff be GRANTED and that the summary judgment motion of the defendant be DENIED.  Furthermore, it is ORDERED that this case be REMANDED to the Commissioner for consideration consistent with this opinion and the adopted report and recommendation of Magistrate Judge Kaull.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    January 6, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE