IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT J. WEST,

        Plaintiff,

v.                                 Civil Action No. 5:04-cv-132

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT AN AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED

### I. Introduction

A.    <u>Background</u>

Plaintiff, Robert J. West (Claimant), filed his application for an Award of Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (2000), (EAJA), on February 1, 2006.[1] Commissioner filed her Response on February 8, 2006.[2] Plaintiff filed his Reply to Defendant's Response on February 21, 2006.[3] A hearing was held before this Court on September 5, 2006.

B.    <u>The Motion</u>

Plaintiff's Application for Attorneys' Fees under EAJA.[4]

C.    <u>Recommendation</u>

---

[1] Docket No. 12

[2] Docket No. 13

[3] Docket No. 14

[4] Docket No. 12

I recommend that Claimant's Application for Attorney Fees be DENIED because the Government's position was substantially justified in law and fact, where the Government relied on an arguably defensible record.

## II. Facts

Plaintiff, Robert J. West, (Claimant), filed his Complaint on November 23, 2004, seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[5] Commissioner filed her Answer on February 7, 2005.[6] Claimant filed his Motion for Summary Judgment on March 14, 2005.[7] Commissioner filed her Motion for Summary Judgment on April 12, 2005.[8] Claimant filed his Reply on April 20, 2005.[9] Magistrate Judge Kaull entered a Report and Recommendation on November 9, 2005, recommending that the action be remanded to the Commissioner to explain why Claimant did not meet or equal the requirements of a listed impairment.[10] On January 6, 2006, the district court entered an Order adopting the Report and Recommendation.[11]

---

[5] Docket No. 1

[6] Docket No. 6

[7] Docket No. 7

[8] Docket No. 8

[9] Docket No. 9

[10] Docket No. 17.

[11] Docket No. 11

## III. The Motion

A.   Contentions of the Parties

Claimant contends that the Court should award attorney fees because the legal and factual arguments of Commissioner in support of the ALJ's opinion were not substantially justified. Claimant notes Magistrate Judge Kaull found the ALJ applied the wrong legal standard. Claimant also notes Magistrate Judge Kaull determined the ALJ erred in assessing Claimant's credibility.

Commissioner contends that her position in opposing an award of benefits was substantially justified. First, Commissioner notes there is a split within the Fourth Circuit regarding the proper legal standard to apply in determining the credibility of a claimant's testimony. Second, Commissioner argues she had substantial justification for supporting the ALJ's determination of the limitations caused by Claimant's medications.

B.   The Standards

1.   EAJA Fees to Prevailing Party. Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

2.   General Eligibility Requirements. In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991)

3

3. <u>Substantially Justified - Definition</u>.  Substantially justified means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565-69 (1988).  The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits.  <u>Crawford v. Sullivan</u>, 935 F.2d 655, 657 (4th Cir. 1991).  Substantially justified requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988).

4. <u>Substantially Justified - Burden of Proof</u>.  In the district court, the government has the burden of showing substantial justification.  <u>Lively v. Bowen</u>, 858 F.2d 177, 180 (4th Cir. 1988).

5. <u>Substantially Justified - Independent Determination by the Court</u>.  While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position.  <u>Campbell v. Bowen</u>, 800 F.2d 1247, 1249 (4th Cir. 1986).

6. <u>Substantially Justified - Law and Fact</u>.  The government's position must be substantially justified in both fact and law.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988); <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991).  An accurate recital of law by the Government cannot excuse a substantially unjustified position on the facts.  <u>Thompson v. Sullivan</u>, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the Government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. <u>Substantially Justified - Disputed Facts</u>.  Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim.  <u>Thompson v. Sullivan</u>, 980 F.2d 280, 282 (4th Cir. 1992).

8. <u>Substantially Justified- Arguably Defensible Administrative Record</u>.  A position based on an arguably defensible administrative record is substantially justified.  <u>Crawford v. Sullivan</u>, 935 F.2d 655, 658 (4th Cir. 1991).  Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified.  <u>Sigman v. U.S. Dep't. of Health and Human Services</u>, 961 F.2d 211 (4th Cir. 1992 ) (unpublished)[12].

9. <u>Substantially Justified - Government Ignores the Law</u>.  Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action.  <u>Hyatt v. Heckler</u>, 807 F.2d 376, 379 (4th Cir. 1986).  The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees.  <u>Id.</u> at 382.  A policy of non-acquiescence cannot be substantially justified.  <u>Thompson v. Sullivan</u>, 980 F.2d 280, 283 (4th Cir. 1992).

10. <u>No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded</u>.  The Secretary is not automatically liable for attorney's fees every time she loses a case.  <u>Crawford v. Sullivan</u>, 935 F.2d 655, 657 (4th Cir. 1991).  There is no "presumption that the government position was not substantially justified, simply because it lost the case."  <u>Id.</u> (citing <u>Tyler Business Services, Inc. v. NLRB</u>, 695 F.2d 73, 75 (4th Cir. 1982)).  Even when the case is

---

[12] This Court recognizes that the Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions.  I recognize the reasons for that position and acknowledge it.  Unfortunately, there is not a better indicator of what its decision might be in this regard.

remanded for reconsideration of the original denial of benefits and the Secretary ultimately reverses its original position, the government can still demonstrate that its original position was substantially justified. Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

  11. <u>Substantial Justification versus Substantial Evidence</u>. The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991). Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished). While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." Id.

  12. <u>Final Judgment - Timely Filing of Application</u>. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

  14. <u>Final Judgment - Prevailing Party - Generally</u>. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

  15. <u>Final Judgment - Sentence Four Remand - When the Filing Period Begins</u>. The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the

judgment has run, so that the judgment is no longer appealable. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is 60 days. Fed. R. App. P. 4.

16. <u>Final Judgment - Sentence Four Remand - Formal Judgment</u>. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).

17. <u>Discretion to Award Attorneys' Fees</u>. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. Pierce v. Underwood, 487 U.S. 552 (1988). The amount of attorney's fees is within the discretion of the district court. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

C. <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court he succeeded on a significant issue in the litigation which achieved some of the benefit he sought in

bringing the suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

## 2. Timely Filing

On January 6, 2006, the district court denied Commissioner's motion for summary judgment, granted Claimant's motion for summary judgment, and remanded the case to the ALJ. Claimant filed his application for attorneys' fees on February 1, 2006, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within thirty days after the period for appealing the judgment had run; therefore the motion was timely filed.

## 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

## 4. Substantial Justification

The issue here is whether Commissioner's position in opposing the awarding of benefits was substantially justified. In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. Commissioner maintains that she relied on a defensible administrative record in this case.

A party who prevails in litigation against the United States is entitled to attorneys' fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

The first issue presented under this heading is whether Commissioner was substantially justified in defending the ALJ's application of the first prong of the subjective symptoms test in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). Under this prong, when a claimant alleges disability due to pain, he must first show the existence of a medically determinable impairment that could cause the pain. Id. at 593. Claimant made subjective complaints of pain in this case. (Rep. and Rec. at 21). Under Craig, therefore, the ALJ had to determine whether Claimant had any medically determinable impairments that could cause the pain he alleged. Craig, 76 F.3d at 593. The ALJ concluded Claimant suffered from the severe impairments of "hypertension, left ventricular dysfunction, enlarged ascending aorta and thickened left ventricular myocardium and obesity." (Rep. and Rec. at 20). She did not state whether these ailments could cause the pain alleged. Id. Claimant argued this failed to properly apply Craig since the ALJ did not make an explicit finding any of these impairments could cause the symptoms Claimant alleged. Commissioner contended that although the ALJ made no explicit finding, the ALJ's determination was sufficient since Claimant was found to have severe impairments. Magistrate Judge Kaull agreed with Claimant and determined Craig required the ALJ to explicitly determine whether an impairment could cause the subjective symptoms alleged by Claimant. Id. at 23.

Although Magistrate Judge Kaull concluded the ALJ erred in applying the legal standard set forth in Craig, the Court finds Commissioner had substantial justification to defend the ALJ's legal application of the Craig test.[13] Magistrate Judge Kaull's own opinion indicates there is a

---

[13] The first issue is entirely legal. Since the ALJ conducted an analysis at step two of Craig, as will be discussed shortly, it is obvious the ALJ found Claimant suffered from severe impairments that could cause the limitations alleged. The parties have not litigated this point. The first issue is, therefore, a technicality, rather than one bearing substantive relevance to the case.

9

split among the district courts of the Fourth Circuit regarding whether <u>Craig</u> requires the ALJ to make an explicit finding about whether an impairment can cause the symptoms a claimant alleges. (Rep. and Rec. at 21-22). Courts in both North Carolina and Maryland have found an explicit finding unnecessary. <u>Pittman v. Massanari</u>, 141 F. Supp. 2d 601 (W.D.N.C. 2001); <u>Ketcher v. Apfel</u>, 68 F. Supp. 2d 629 (D. Md. 1999). Although the court in <u>Hill v. Commissioner</u>, 49 F. Supp. 2d 865 (S.D. W. Va. 1999) determined the opposite, it is clear that in the absence of any published precedent from either this district or the Fourth Circuit at the time of this case, Commissioner had a substantially justified legal position.[14] Since the Court is aware of no such case law, Commissioner had substantial justification for this argument.

The second issue in this case concerns whether Commissioner was substantially justified in litigating the second <u>Craig</u> step. Once a claimant produces evidence satisfying step one, the ALJ must consider

> the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work . . . this evaluation must take into account not only the claimant's statements about her pain, but also "all available evidence," including the claimant's medical history, and laboratory findings . . . any objective medical evidence of pain . . . and any other evidence relevant to the severity of the impairment.

<u>Craig</u>, 76 F.3d at 595. The ALJ here conducted an analysis under the second <u>Craig</u> step. In

---

[14] The Court notes that while the ALJ's factual determinations are reviewed under the deferent substantial evidence standard, the ALJ's application of the law is reviewed de novo. <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 528 (4th Cir. 1998). This makes it more likely Commissioner will have substantial justification for his legal positions when the Court disagrees with her.

doing so, he considered twenty two pieces of objective medical evidence, eleven pieces of evidence concerning "medical signs and laboratory findings," and seven pieces of evidence regarding Claimant's medication. (Rep. and Rec. at 24-28). The ALJ also sufficiently evaluated Claimant's daily living activities. Id. at 27. Finally, the ALJ considered the statements Claimant made in the record (though not statements made in the administrative hearing). Id. at 28-29. Claimant argued this evaluation was insufficient because the ALJ did not explicitly consider Claimant's testimony concerning the side effects he suffered from his medication and because part of the ALJ's credibility evaluation lacked factual support in the record. Commissioner argued the ALJ's consideration was sufficient because the ALJ found the medical evidence did not support the limitations alleged.

Magistrate Judge Kaull agreed with Claimant that the ALJ erred legally and factually in his step two Craig analysis. (Rep. and Rec. at 30-31). He first determined the ALJ erred because she failed to consider the limitations Claimant testified his medications caused him. (Rep. and Rec. at 30). Since the ALJ failed to consider the testimony specifically, he failed to consider "all available evidence," as required by Craig. Id.; Craig, 76 F.3d at 595. Magistrate Judge Kaull also noted the ALJ in part discredited Claimant's testimony because of his failure to comply with his doctors' instructions regarding the need to lose weight and diminish his alcohol consumption. (Rep. and Rec. at 30-31). Yet Magistrate Judge Kaull found the record did not support such conclusions. (Rep. and Rec. at 31).

The Court finds Commissioner was substantially justified in litigating the legal issues involved here. The Court notes that since, as Magistrate Judge Kaull found, the ALJ exhaustively discussed the medical records, medical signs, laboratory findings, statements by

11

Claimant, and daily living activities of Claimant, Commissioner may have thought there was no need for the ALJ to go even one more step and evaluate Claimant's testimony. (Rep. and Rec. at 29). Other courts have held strict consideration of every piece of evidence unnecessary. Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995) (holding that a written evaluation of every piece of evidence is not required, so long as the ALJ articulates at some minimum level his analysis of a particular line of evidence); Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) (finding the ALJ's mere failure to cite specific evidence does not establish that he failed to consider it).

The Court also finds Commissioner substantially justified in litigating the factual issues. Claimant testified his medicine made him sleep from 8:00 am until at least 10:00 am. (Rep. and Rec. at 29). He stated he felt fatigued from July 2000 to July 2001 and this caused him to perform fewer chores and sleep during the day. Id. Claimant also testified his Demadex medication caused him to urinate every twenty minutes after waking for two to three hours. Id. In the face of these severe symptoms, the Court notes Claimant never complained to his physicians during the relevant time period that he suffered from medication related side-effects. Def.'s Br. at 4. Indeed, Claimant made no mention of any medication related side effects in a medication report submitted in April 2001, even though he complained the side effects began in 2000. Id. At oral argument, Commissioner's counsel also pointed to the fact that doctors increased Claimant's Demadex prescription in April 2002. It is difficult to reconcile these pieces of evidence with the disabling symptoms alleged. The fact that the ALJ erred in one part of her evaluation of Claimant's credibility does not mean Commissioner lacked substantial justification for her entire argument that Claimant did not suffer from disabling medication related side effects. Commissioner was substantially justified in litigating the factual issues involved.

Thus, although Claimant prevailed in persuading Magistrate Judge Kaull to recommend remand, the Court finds Commissioner's litigation posture was substantially justified. As mentioned above, substantial justification is not a high standard. Crawford, 935 F.2d at 658. Therefore, this Court recommends Claimant's application for attorney fees should be DENIED.

### IV.  Recommendation

Based on the forgoing, I recommend that Claimant's Application for Attorneys' Fees be DENIED because the Government's position was substantially justified in law and fact, where the Government relied on an arguably defensible record.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to parties who appear *pro se* and any counsel of record, as applicable.

DATED: September 22, 2006

/s/ James E. Seibert  
JAMES E.  SEIBERT  
UNITED STATES MAGISTRATE JUDGE