```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ROBERT J. WEST,

    Plaintiff,

v.                                              Civil Action No. 5:04CV132
                                                        (STAMP)

MICHAEL J. ASTRUE,[1]
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.   Background

The plaintiff, Robert J. West (hereinafter "the claimant"), filed an application for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner filed a brief in opposition to the claimant's motion and the claimant replied. This matter was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). Magistrate Judge Seibert considered the claimant's application for an award of attorney's fees under the EAJA and the response and reply thereto and submitted a report and recommendation. In his report, the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for former Commissioner Jo Anne B. Barnhart as the defendant in this action.

magistrate judge recommended that the claimant's motion for attorney's fees be denied because the Commissioner's position was substantially justified in law and fact. Upon submitting this report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The claimant filed objections to which the Commissioner responded and the claimant replied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because in this case, objections have been filed, this Court will undertake a <u>de novo</u> review.

## II. <u>Applicable Law</u>

Title 28, United States Code, Section 2412(d)(1)(A) provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

> States was substantially justified or that special circumstances make an award unjust.

A plaintiff is eligible for an award of fees under the EAJA when: (1) the plaintiff is the prevailing party in the underlying action; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) a motion for an award of fees is submitted to the court within 30 days of final judgment. See Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

The United States Court of Appeals for the Fourth Circuit has held that it is the government's burden to prove that its position in the underlying litigation was substantially justified. See id. (citing Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988)). The government's position is substantially justified when it is "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The United States Supreme Court has held that this definition "is no different from the 'reasonable basis both in law and fact' formulation adopted by . . . the vast majority of . . . Courts of Appeals that have addressed this issue." Id.

In social security cases, judicial review by a district court involves review of the administrative record and cross motions for summary judgment. See Smith v. Heckler, 739 F.2d 144, 147 (4th Cir. 1984).

3

> Therefore, the government's position in the district court normally would be substantially justified if, as is usual, the United States Attorney does no more than rely on an arguably defensible administrative record. In such a situation, the EAJA would not require an award of attorneys' fees. Moreover, entry of summary judgment for the claimant raises no presumption that the government's position was not substantially justified.

Id. (citing Tyler Bus. Serv., Inc. v. Nat'l Labor Relations Bd., 695 F.2d 73, 75 (4th Cir. 1982)).

## III. Discussion

The magistrate judge found and the parties do not dispute that the claimant satisfies three of the elements required to prevail on a petition for EAJA attorney's fees: claimant is the prevailing party, claimant's motion for fees was timely filed, and no special circumstances are present that would make an award of attorney's fees unjust. Rather, the issue in this case is whether the Commissioner's position in opposing an award of benefits to the claimant was substantially justified. After a de novo review, this Court agrees with the magistrate judge that the Commissioner's position was substantially justified in that it had a reasonable basis in both law and fact.

In a memorandum opinion and order affirming and adopting a report and recommendation of United States Magistrate Judge John S. Kaull, this Court found that the Administrative Law Judge ("ALJ") did not appropriately apply either prong of the two-step pain analysis test set forth in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). The Craig test requires: (1) that the ALJ consider whether the claimant has shown a medically determinable impairment that

4

could reasonably cause the pain allegedly suffered by the claimant, and if so, (2) that the ALJ next consider the extent to which the pain affects the claimant's ability to work.  Craig, 76 at 594-95. Thus, the case was remanded to the Commissioner for proper application of the Craig test.  The claimant, in his motion for EAJA attorney's fees argues that the Commissioner had no substantial justification to defend the ALJ's application of the Craig test.  Magistrate Judge Seibert found, however, that the government's position was substantially justified in law and fact because the government relied on an arguably defensible record.

As to the first prong of the Craig test, the magistrate judge noted that a split exists among the district courts in the Fourth Circuit regarding whether Craig requires an ALJ to make an explicit finding about whether an impairment can cause the symptoms alleged by the claimant.  Because there is no published precedent from any court in this district on this issue or from the United States Court of Appeals for the Fourth Circuit, the magistrate judge concluded that the Commissioner had a substantial justification for arguing that although the ALJ made no explicit finding that the claimant's impairments could cause the symptoms alleged, the ALJ's determination was sufficient since the claimant was found to have severe impairments.  The claimant objects that there is no room for interpretation of Craig.  In other words, the claimant argues that Craig itself requires that an ALJ make an explicit finding regarding the first prong.  Additionally, the claimant argues that

even if Craig is ambiguous on this issue, no "sufficient split of authority" exists to show that the Commissioner's position was substantially justified.

The claimant's objections as to prong one are without merit. As recognized by the magistrate judge in his report and recommendation, courts within this circuit have taken different positions regarding whether an ALJ must expressly make a finding that the claimant has an impairment capable of causing the degree and type of pain that he alleges. Although Craig requires ALJs to consider the threshold question presented by prong one, it is arguably ambiguous whether such consideration must be explicit or can be implicit. The fact that the Commissioner has lost some cases by making such an argument does not mean that the argument is without substantial justification. Indeed, because no Court in this district has issued a published opinion resolving this issue, the government had a reasonable basis in law and fact to support its argument. The cases cited by the magistrate judge further demonstrate that the Commissioner had a reasonable basis for arguing that express consideration was not required. See Pittman v. Massanari, 141 F. Supp. 2d 601 (W.D.N.C. 2001)(explicit finding unnecessary); Ketcher v. Apfel, 68 F. Supp. 2d 629 (D. Md. 1999)(explicit finding unnecessary); but cf. Hill v. Comm'r, 49 F. Supp. 2d 865 (S.D. W. Va. 1999)(explicit finding required).

As to the second prong of the Craig test, the magistrate judge

determined that the Commissioner was substantially justified in litigating the legal issues implicated by prong two. Because the ALJ exhaustively discussed medical records, medical signs, laboratory findings, statements of the claimant, and daily living activities of the claimant, the magistrate judge concluded that the Commissioner could have reasonably believed that evaluation of the claimant's testimony was unnecessary. The magistrate judge also determined that the Commissioner was substantially justified in litigating the factual issues in this case because disparities in evidence existed regarding what, if any, medication-related side effects the claimant suffered. The claimant objects that the Commissioner failed to address Magistrate Judge Kaull's conclusion that the ALJ's findings concerning claimant's alcohol consumption and failure to loose weight were not supported by the evidence. This objection is unavailing. Although it has been determined that the ALJ erred in one respect in her evaluation of the claimant's credibility, such error does not mean that the Commissioner lacked substantial justification for her entire argument that the claimant did not suffer from disabling medication-related side effects.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the claimant's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it

7

is ORDERED that the claimant's motion for attorney's fees is hereby DENIED because the Commissioner's position was substantially justified in law and fact.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: December 11, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE