IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT J. WEST,

        Plaintiff,

v.                                        Civil Action No.: 5:04-cv-132
                                            (Judge Stamp)

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER 42 U.S.C. 406(b) BE GRANTED IN PART AND DENIED IN PART

### I. Introduction

A.      <u>Background</u>

Plaintiff, Robert J. West, (Claimant), filed his motion for award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) on June 8, 2007.[1] Commissioner filed his response to the motion on June 22, 2007.[2] Plaintiff filed his reply to the Commissioner's response on July 3, 2007.[3] A hearing was held before this Court on November 29, 2007.

B.      <u>The Motion</u>

Claimant's motion for award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1).

C.      <u>Recommendation and Order</u>

I recommend that Claimant's application for award of attorney's fees under 42 U.S.C. §

---

[1] Docket No. 24

[2] Docket No. 28

[3] Docket No. 29

406(b)(1) be **GRANTED IN PART AND DENIED IN PART**. While § 406(b) permits counsel to receive up to 25% of Claimant's past-due benefits amount, the Court finds $22,000, or roughly 17% of Claimant's past-due benefits award, is excessive and unreasonable in light of the hours worked on the case, counsel's hourly billing rate in non-contingency fee cases, and the nature of the case. The Court exercises its discretion and reduces Claimant's award pursuant to § 406(b) to $13,381.25, or 11% of Claimant's past-due benefits award.

## II. Facts

Claimant filed his complaint on November 23, 2004, seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[4] Commissioner filed her answer on February 7, 2005.[5] Claimant filed his motion for summary judgment on March 14, 2005.[6] Commissioner filed her motion for summary judgment on April 12, 2005.[7] Claimant filed his reply to the Commissioner's motion for summary judgment on April 20, 2005.[8] On November 9, 2005, Magistrate Judge Kaull entered a Report and Recommendation, recommending the action be remanded to the Commissioner to explain why Claimant did not meet or equal the requirements of a listed impairment.[9] On January 6, 2006, the Honorable Frederick P. Stamp, United States District

---

[4] Docket No. 1

[5] Docket No. 6

[6] Docket No. 7

[7] Docket No. 8

[8] Docket No. 9

[9] Docket No. 10

2

Judge, entered an order accepting and adopting the report and recommendation in its entirety.[10]

### III. Claimant's Application for Award of Attorney's Fees

A.      Contentions of the Parties

Claimant's contends the Court should award him $22,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). Claimant alleges the requested amount falls within the statutorily mandated cap of 25% of Claimant's past-due benefits, and is reasonable in light of the contingent nature of the fee agreement and the complexity of the case. Commissioner contends $22,000 is excessive in light of the hours worked on the case, counsel's hourly billing rate in non-contingency fee cases, and the fact the case did not involve novel or complex issues.

B.      The Standards

Pursuant to 42 U.S.C. § 406(b)(1), an attorney who successfully represents a Social Security benefits claimant in court may be awarded "a reasonable fee . . . not in excess of 25% of the . . . past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1).[11] The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. § 406(b). The attorney for the successful claimant bears the burden of showing the Court "that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

In Gisbrecht, the Supreme Court sought to resolve the question of how to determine the

---

[10] Docket No. 11

[11] Attorney's fees may also be awarded under the Equal Access to Justice Act, ["EAJA"], upon a showing the Commissioner's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). In the event an attorney is awarded fees under both EAJA and § 406(b), the attorney must refund to Claimant the smaller of the two awards. See Guthrie v. Schweiker, 718 F.2d 104, 108 n.11 (4th Cir. 1983).

"appropriate starting point for judicial determinations of 'a reasonable fee'" for successful representation of a Social Security benefits claimant who has signed a contingent-fee agreement. Gisbrecht, 535 U.S. at 792. Towards that end, the Court considered whether a contingency-fee agreement calling for fees not in excess of 25% of the past due benefits is presumptively reasonable, or whether courts should begin with a "lodestar" calculation wherein the number of hours reasonably spent on a case is multiplied by a reasonable hourly rate. Id. at 797-98. After explaining the lodestar method was designed to govern "imposition of fees on the losing party" as opposed to § 406(b)'s designated purpose of determining attorney's fees, the Court concluded "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Id. at 807.

After so holding, the Court credited those courts that reduced the award of attorney's awarded fees based on the character of the representation and the results the representative achieved, such as where the attorney was found to be responsible for delay that operated to increase the amount of the past-due benefits or where "the benefits [were] large in comparison to the amount of time counsel spent on the case" such that a "windfall" would have resulted. Id. at 808. On preventing windfalls, the Court suggested a court may require the attorney to submit "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," a record of hours spent on the case and the attorney's hourly charge for non-contingent fee cases. Id.

Since the Supreme Court's decision in Gisbrecht, courts determining the reasonableness

4

of attorney's fees under a contingency-fee agreement have split on awarding the full 25% of past-due benefits versus a reduced percentage of past-due benefits. See Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1169-1171 (C.D. Cal. 2006) [detailing the breakdown of awards granted by 43 reported cases applying Gisbrecht to § 406(b) attorney's fees requests]. Despite such variation in the ultimate size of awards, the majority of courts relied on "lodestar-esque" factors in coming to their conclusion, including counsel's time spent on the case, the complexity of the case, and counsel's hourly billing rate in non-contingent fee cases. See id.

C.   Discussion

On November 18, 2004, Claimant and his counsel, Mr. Miskowiec, entered into an agreement by which Claimant agreed to pay Mr. Miskowiec 25% of his past-due Social Security benefits as an attorney fee if his claim was approved. After Claimant's case was remanded by the Court to the Commissioner, Claimant was awarded $122,957.50 in past-due Title II benefits. In accordance with section 406(b), the Commissioner withheld 25% of Claimant's past-due benefits, or $30,739.38, for payment of attorney's fees. From that reserve, and pursuant to § 406(a), the Commissioner awarded Claimant $5,300 in attorney's fees. Claimant now seeks $22,000 of the remaining $25,439.38 in attorney's fees pursuant to § 406(b), or roughly 18% of Claimant's past-due benefits award.

As directed by Gisbrecht, the Court gives "primacy" to the contingency fee agreement between Claimant and his counsel. After finding the agreement does not exceed the statutorily mandated cap of 25% of Claimant's past-due benefits, the Court nevertheless finds an award of $22,000 is unreasonable "in light of services rendered." See Gisbrecht, 535 U.S. at 807. Considering the factors set forth consideration by Gisbrecht, namely whether counsel is

responsible for delay that operates to increase the amount of the past-due benefits, or whether "the benefits are large in comparison to the amount of time counsel spend on the case," the Court finds an award of $22,000 would represent the type of "windfall" the Court in Gisbrecht sought to avoid. Mr. Miskowiec's hourly billing rate in non-contingent fee cases is $250. Having worked 21.41 hours in the present case, an award of $22,000 would result in an hourly compensation rate of $1,027.56 per hour, or 4.11 times his normal hourly billing rate. Accordingly, the Court reduces Claimant's award to $13,381.25, or roughly 11% of Claimant's past-due benefits award, relying on a 2.5 increase in counsel's normal billing rate as employed in Ellick, 445 F. Supp. 2d at 1173. See Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) [holding counsel may receive an award representing a five-fold increase in his normal billing rate where the award represented no more than 11% of his client's past-due benefits award]. The present case is distinguishable from Mudd v. Barnhart, 418 F.3d 424 (2005) in which the Fourth Circuit upheld the District Court's award of the entire 25% of the claimant's past-due benefits award. The past-due benefits award in Mudd amounted to $48,296, such that 25% of the award, or $12,231.50, based on 16.6 hours of work, did not represent the "windfall" the requested $22,000 for 21.41 hours of work in the present case represents.

## IV.  Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's fees pursuant to 42 U.S.C. § 406(b) be **GRANTED IN PART AND DENIED IN PART**. While § 406(b) permits counsel to receive up to 25% of Claimant's past-due benefits amount, the Court finds $22,000, or roughly 17% of Claimant's past-due benefits award, is excessive and unreasonable in light of the hours worked on the case, counsel's hourly billing rate in non-

contingency fee cases, and the nature of the case. The Court exercises its discretion and reduces Claimant's award to $13,381.25, or 11% of Claimant's past-due benefits award.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: January 10, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE